UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60632-Civ-COHN
MAGISTRATE JUDGE P.A. WHITE

DENIS CHAVEZ,                          :

    Petitioner,                        :

v.                                     :          REPORT OF
                                                  MAGISTRATE JUDGE
MICHAEL CREWS,[1]                      :

    Respondent.                        :

_____

## I. Introduction

Denis Chavez, a state prisoner confined at Union Correctional Institution has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentences entered in Case No. 03-8048CF10A in the Circuit Court of the Seventeenth Judicial Circuit of Florida at Broward County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition (DE# 1), the Court has the respondent's response to an order to show cause with supporting exhibits (DE# 12).

## II. Procedural History

---

[1] Michael Crews has replaced Kenneth Tucker as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. Crews should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1).

III. <u>Discussion</u>

In case number 03-8048CF10A, the State of Florida charged Petitioner with two counts of capital sexual battery on a child under the age of twelve by a person eighteen years of age or older on two separate minor victims, W.G. and B.G. (DE# 12, Exhibit 2) Following a jury trial, Petitioner was found guilty as charged, was adjudicated guilty, was designated a sexual predator, and was sentenced to two consecutive life sentences. (DE# 12, Exhibits 3, 4)

Petitioner appealed his convictions and sentences to the Fourth District Court of Appeal in case number 4D04-4060. (DE# 12, Exhibit 5) He raised six issues: (1) the trial court erred in granting the State's motion for a protective order concerning the victims; (2) the trial court erred in denying the defense's motion for judgment of acquittal as to the issues of venue and the victims' ages; (3) the trial court erred in permitting the State to reopen its case to adduce evidence of venue and the victims' ages; (4) there was insufficient evidence to support the convictions; (5) the trial court erred in permitting the victims to testify during the State's reopened case, thereby violating the rule of sequestration; and (6) the trial court erred in denying the defense's motion for new trial based on "newly discovered evidence." (DE# 12, Exhibit 6) Petitioner later filed a supplemental initial brief raising another issue: the allegation that the prosecutor made improper arguments during closing argument. (DE# 12, Exhibit 13)

Once the matter was fully briefed, the parties proceeded to oral argument. (DE# 12, Exhibits 8, 10, 11, 15) Following oral argument, the Fourth DCA per curiam affirmed Petitioner's

convictions and sentences without comment on **March 14, 2007**. (DE# 12, Exhibit 18) <u>Chavez v. State</u>, 954 So. 2d 36 (Fla. 4th DCA 2007). The appellate court then denied Petitioner's motion for rehearing or clarification and request that the court issue a written opinion. (DE# 12, Exhibits 19, 20). Mandate issued May 18, 2007. (DE# 12, Exhibit 21)

On **May 19, 2008**, Petitioner filed his first motion for post conviction relief through counsel on. (DE# 12, Exhibit 25).  In that motion, he asserted five claims for relief: (1) trial counsel rendered ineffective assistance by allegedly failing to investigate or interview eight available witnesses; (2) trial counsel rendered ineffective assistance by alleging failing to fully depose unnamed witnesses and by failing to elicit unnamed impeachment evidence; (3) trial counsel rendered ineffective assistance by allegedly failing to object to a pre-trial order which allegedly precluded discovery of unspecified impeachment information; (4) trial counsel rendered ineffective assistance by allegedly failing to object to certain specified matters or rulings during trial; and (5) trial counsel rendered ineffective assistance by allegedly eliciting unfavorable testimony from a witness.  (DE# 12, Exhibit 25).

The State responded to the Rule 3.850 motion, pointing out that, while Claims 3 through 5 could be said to be sufficiently pled for the most part, Claims 1 and 2 were too generalized and unspecific to state any cognizable claim for relief. (DE# 12, Exhibit 25, 27).  The trial court concurred and struck the motion on August 21, 2008, but without prejudice to the defendant to file an amended motion within thirty days. (DE# 12, Exhibit 28). Defense counsel proceeded to amend the motion. (DE# 12, Exhibit 32). Following a series of motions to enlarge the time for filing an amended motion, and a motion to permit defense experts to interview

the defendant, all of which were granted, defense counsel ultimately filed the amended motion on **August 31, 2009**. (DE# 12, Exhibits 1, 29-32)

The amended motion raised several claims of ineffective assistance of counsel. (DE# 12, Exhibits 32-33) Specifically, Petitioner alleged that trial counsel: (a) failed to investigate and interview available witnesses; (b) failed to object to the entry of a protective order; (c) took grossly inadequate depositions; (d) not only failed to object to testimony concerning the defendant's use of drugs or alcohol, but also himself elicited such testimony; (e) failed to prepare Petitioner to testify; (f) failed to develop testimony from the defense expert witness and/or other defense theories; (g) failed to call character witnesses or introduce cards and letters; (h) failed to move for a mistrial as regards the prosecutor's allegedly improper closing argument; (i) failed to object to an alleged violation of the sequestration rule; and (j) failed to sufficiently impeach the victims at trial. (DE# 12, Exhibits 32- 33)

The State responded in opposition to the amended motion on its merits. (DE# 12, Exhibit 36) The trial court adopted the State's response and denied the motion on **April 23, 2010**. (DE# 12, Exhibit 37) Petitioner had thirty days to file an appeal of the trial court's dismissal. (DE# 12, Exhibit 37)

It appears that Petitioner, acting pro se, may have timely sought to file a notice of appeal. (DE# 12, Exhibit 38, 39) However, the notice of appeal was never actually filed with the Fourth District. (DE# 12, Exhibit 38, 39). Petitioner filed a motion for status report regarding the state of the appeal on September 26, 2012, and was told that there was no appeal pending.

(DE# 12, Exhibit 39).

As a consequence, Petitioner filed a petition for belated appeal with the Fourth District on October 10, 2012, in case number 4D12-3751. (DE# 12, Exhibit 39). The Fourth DCA dismissed the petition as untimely on **October 31, 2012**, pursuant to Florida Rule of Appellate Procedure 9.141(c)(5) ("A petition for belated appeal shall not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order."). (DE# 12, Exhibit 40).  The Fourth District also denied Petitioner's motion for rehearing and rehearing en banc on December 20, 2012. (DE# 12, Exhibits 41-42).

Petitioner came to this Court filing on March 14, 2013,[2] the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He raised the following twelve issues:

**Claim 1**: Ineffective assistance of counsel during the pre-trial process and at the trial itself.

**Claim 2**: Ineffective assistance of counsel for failing to properly investigate and interview a number of available witnesses.

**Claim 3**: Ineffective assistance of counsel for introducing false evidence regarding Petitioner's drug consumption.

**Claim 4**: Ineffective assistance of counsel for taking "grossly inadequate" depositions of key witnesses.

**Claim 5**: Ineffective assistance of counsel for failing to prepare Petitioner to testify at trial.

---

[2]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11th Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

**Claim 6**:  Ineffective assistance of counsel for allowing Petitioner to be portrayed negatively as an angry drunk, wife beater, drug addict, cheater and liar without objection and did not call character witnesses nor present evidence of Petitioner's great relationship with the victims.

**Claim 7**: Petitioner's state and federal constitutional rights were violated by the entry of a protective order which unduly restricted discovery.

**Claim 8**: The trial court erred in denying his motion for judgment of acquittal.

**Claim 9**: The trial court erred in permitting the state to reopen its case to introduce evidence regarding venue and the victims' ages.

**Claim 10**: There was insufficient evidence to support the convictions.

**Claim 11**: The trial court erred in permitting witnesses to testify in violation of the rule on sequestration.

**Claim 12**: The trial court erred in denying his motion for new trial on the grounds of improper prosecutorial comment during closing argument.

This Court issued a order to Respondents to show cause why the instant petition for writ of habeas corpus should not be granted on any of these grounds. (DE# 7).   Respondents responded in opposition. (DE# 12).

## III. Discussion

In the response to the order to show cause, the respondent asserts that the instant petition is time-barred pursuant to 28 U.S.C. §2244(d).   (DE# 12, p. 9-25).   The respondent does not address the merits of the claims.

Because Chavez filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. <u>See</u> <u>Wilcox v. Fla.Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998)(per curiam). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. <u>See</u> 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus ...."). The statute provides that the limitations period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action  in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

Generally, the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. §2244(d)(1)(A). Interpreting this provision, the Supreme Court has held that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." <u>Clay v. United States</u>, 537

U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); <u>Chavers v.
Secretary, Florida Dept. of Corrections</u>, 468 F.3d 1273 (11th Cir.
2006)(holding that one-year statute of limitations established by
AEDPA began to run 90 days after Florida appellate court affirmed
habeas petitioner's conviction, not 90 days after mandate was
issued by that court).

The AEDPA clock continues to run until the petitioner files a
state motion for post-conviction relief. Once the petitioner files
a motion for post-conviction relief in state court, the AEDPA clock
stops. <u>See</u> 28 U.S.C. §2244(d)(2)(tolling the limitation period for
"[t]he time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending").[3] The AEDPA clock resumes
running when the state's highest court issues its mandate disposing
of the motion for post-conviction relief. <u>Lawrence v. Florida</u>, 549
U.S. 327, 331-32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). The one-
year limitations period is also subject to equitable tolling in
appropriate cases. <u>Holland v. Florida</u>, 560 U.S. ___, 130 S.Ct. 2549
(2010). <u>See also</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S.Ct.
1807, 161 L.Ed.2d 669 (2005)(holding that a petitioner is entitled
to equitable tolling only if he shows "(1) that he has been
pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way" and prevented timely filing); <u>Helton
v. Secretary  for Dept. of Corrections</u>, 259 F.3d 1310, 1312 (11th
Cir. 2001)(stating that "[e]quitable tolling can be applied to

---

[3]   A properly-filed application is defined as one whose "delivery and
acceptance are in compliance with the applicable laws and rules governing
filings," which generally govern such matters as the form of the document, the
time limits upon its delivery, the court and office in which it must be lodged,
and the requisite filing fee. <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000)(<u>overruling</u>
<u>Weekley v. Moore</u>, 204 F.3d 1083 (11th Cir. 2000)).

prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), <u>cert</u>. <u>denied</u>, 535 U.S. 1080 (2002); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999).

Here, on March 14, 2007, the Fourth DCA per curiam affirmed Chavez's sentences and convictions, without written opinion, in <u>Chavez v. State</u>, 931 So. 2d 919 (Fla. 4th DCA 2006).  Chavez's convictions and sentences became final on June 12, 2007, ninety days after the Fourth District Court of Appeal affirmed. <u>See</u> <u>Chavers v. Secretary, Florida Dept. of Corrections</u>, 468 F.3d 1273, 1275 (11 Cir. 2006), *citing*, <u>Bond v. Moore</u>, 309 F.3d 770 (11 Cir. 2002).  Accordingly, the judgment of conviction and sentence in the instant case became final at the very latest on  June 12, 2008. This federal petition for writ of habeas corpus challenging the instant convictions was not filed until March 14, 2013, well-beyond one-year after the date on which the convictions and sentences became final. The petition is, therefore, time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, Chavez initiated a postconviction challenge to his convictions and sentences in both the state trial and appellate courts. On May 17, 2008, **340 days** after the convictions and sentences became final, Chavez filed a Rule 3.850 motion, which was ultimately denied by the trial court on April 23, 2010. (DE# 22, Ex. J).  Because Chavez did not timely file a notice

of appeal, the clock started running again on April 23, 2010, at
which point Chavez had 15 days within which to timely file a §2254
motion in federal court.  Because he did not file such motion on or
before May 10, 2010, his motion is untimely.

The proceedings which took place two years later, in which he
attempted to pursue a belated appeal from the April 23, 2010 order,
did not toll the statute of limitations because his motion for
belated appeal does not constitute a "properly filed" motion for
collateral relief.  Chavez waited almost two years to inquire into
whether an appeal had been filed. Upon learning no appeal was
pending, he filed a motion to belated appeal on October 10, 2012.
The Fourth DCA dismissed the petition as untimely on **October 31,
2012**, pursuant to Florida Rule of Appellate Procedure 9.141(c)(5)
("A petition for belated appeal shall not be filed more than 2
years after the expiration of time for filing the notice of appeal
from a final order."). (DE# 12, Exhibit 40).  Accordingly, Chavez's
petition is untimely.

Further, this case presents no grounds for the application of
the doctrine of equitable tolling. Lawrence v. Florida, 549 U.S. at
336.  The Eleventh Circuit has continued to emphasize that
"[e]quitable tolling is an extraordinary remedy that must be
applied sparingly" for "[a] truly extreme case." Holland v.
Florida, 539 F.3d 1334, 1338 (11 Cir. 2008). The record also does
not demonstrate that Chavez was in any way impeded by any
unconstitutional State action in pursuing state postconviction
relief or filing this federal petition for writ of habeas corpus,
and actually indicates to the contrary as revealed by the above-
reviewed state postconviction proceedings. Finally, Chavez's status

as an unskilled layperson does not excuse the delay. See <u>Johnson v.</u>
<u>United States</u>, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582
(2005)(stating that "the Court has never accepted <u>pro se</u>
representation alone or procedural ignorance as an excuse for
prolonged inattention when a statute's clear policy calls for
promptness."). <u>See also</u> <u>Rivers v. United States</u>, 416 F.3d at 1323
(holding that while movant's lack of education may have delayed his
efforts to vacate his state conviction, his procedural ignorance is
not an excuse for prolonged inattention when promptness is
required).

Accordingly, the time-bar is ultimately the result of Chavez's
failure to timely institute this federal habeas corpus proceeding.
Since this habeas corpus proceeding instituted on March 14, 2013 is
untimely, Chavez's claims challenging the lawfulness of his
convictions are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-
(2) and should not be considered on the merits.

## IV. <u>Certificate of Appealability</u>

As amended effective December 1, 2009, §2254 Rule 11(a)
provides that "[t]he district court must issue or deny a
certificate of appealability when it enters a final order adverse
to the applicant," and if a certificate is issued "the court must
state the specific issue or issues that satisfy the showing
required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must
still be filed, even if the court issues a certificate of
appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28
U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a

certificate of appealability. "A certificate of appealablilty may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. Recommendation

It is recommended that this petition for habeas corpus relief be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2). It is further recommended that no certificate of appealability should issue.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 28th day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Denis Chavez
      L54292
      Everglades Correctional Institution
      Inmate Mail/Parcels
      1599 SW 187th Avenue
      Miami, FL 33194

      Jeanine Marie Germanowicz
      Attorney General Office
      1515 N Flagler Drive
      Suite 900
      West Palm Beach, FL 33401-3432